## WHEELER *versus* NEVINS.

A written but unsealed authorization to use the name of the principal, in settling for him a controverted matter, does not justify the agent in affixing the seal of the principal.

A release of a debt, signed and sealed by an agent, for. and in the name of his principal, is inoperative, unless the authority of the agent was itself under seal.

The affixing of a seal without such authorization cannot be regarded as an immaterial act, so as to impart to the instrument the character and effect of an unsealed one.

ON REPORT from *Nisi Prius*, WELLS, J. presiding.

ASSUMPSIT upon two promissory notes.

It appeared that, after making the notes, the defendant, by a sealed instrument, assigned all his property for the benefit of his creditors *pro rata.*

The assignment contained a stipulation to be subscribed by the creditors, and assenting to the assignment, and agreeing to accept the dividends, which when paid were to be a discharge of their respective claims. Several of the creditors signed and affixed their seals to the instrument. The defence was that the plaintiff had subscribed it, and thereby discharged the notes now in suit. The name and seal of the plaintiff, " by J. C. Lane, his attorney," were upon the paper. To show the authority of Lane, a letter addressed to him by the plaintiff was read, saying, " I have concluded to sign the agreement, and give you power to settle the claim for me and to use my name." This letter came through the post office, sealed up in the usual form. There was evidence tending to show that the defendant had no real estate. The Judge ruled that the letter, not . being ·under seal, conferred no authority upon Lane to execute the instrument by affixing the plaintiff's seal, and that therefore the defence failed.

The defendant was defaulted, upon an agreement that if the ruling was erroneous, the default is to be stricken off.

*J. Goodenow,* for the defendant.

It was not requisite that the plaintiff, in subscribing the instrument by his attorney, should have sealed it. " In what-

Wheeler *v.* Nevins.

soever form made," (such are the words of the statute,) an assignment is effectual.   Act of 1844, chap. 112, sect. 2.

An agreement to discharge operates as a present release, though not technically a release.   *Goodenow* v. *Smith*, 18 Pick. 414; *Couch* v. *Wills*, 21 Wend. 424; *Tuckerman* v. *Newhall*, 17 Mass. 580; *Pierce* v. *Parker*, 4 Met. 91, 92; *Good* v. *Cheeseman*, 22 Com. Law R. 89.

Where the contract may be made without deed, the seal shall not prevent its enuring as a simple contract, though the authority be by parol, or merely from the relation between the principal and agent.   *Lawrence* v. *Taylor*, 5 Hill, 113.

The contract is, that the plaintiff, by J. C. Lane, agrees to the assignment, and that the instrument shall be a discharge when the dividend shall be paid.   The letter simply gives authority to Lane to make this agreement and to sign the plaintiff's name.

The extent of the authority of an agent will be varied, or extended, on the ground of implied authority, according to the pressure of circumstances.   The authority of an agent, contracting for the sale of lands, need not be in writing.   2 Kent, 613.

An attorney to collect debts may assent to an assignment and bind his client.   *Gordon* v. *Coolidge*, 1 Sumner's C. C. R. 537 ; 2 Kent, 620.

If a creditor, (under a composition arrangement with other creditors and the debtor,) agree to accept part of his demand as a composition or in full for his demand, the claim to the remainder is in law extinguished, although there be not any release by deed, because it would be a fraud on the other creditors to seek to enforce the balance ;  and a creditor concurring in a composition cannot sue, contrary to the terms of the arrangement.   Chitty on Cont. 685, 775 ; 5 Johns. 333, 386.

*T. A. D. Fessenden,* for the plaintiff.

WELLS, J., orally. — The instrument signed and sealed by Lane, as attorney to the plaintiff, contained a release of the debt for which this action is brought.   One question is,

whether Lane had authority to affix the seal. The defendant, in order to prove that Lane had such authority, introduced an *unsealed* paper, signed by the plaintiff, authorizing Lane to use his name, and settle the claim. The infirmity of the defendant's case is that a parol authorization does not justify the annexing of a seal. Lane, in sealing the instrument, transcended his authority, and the plaintiff is not bound by it.

The defendant also contends that, as the instrument would have been effectual without a seal, the seal may be disregarded ; that the sealing, being uncalled for, may be treated merely as a void act.

But the law, establishing the difference in the effect of instruments sealed and unsealed, has been settled from time immemorial.

An instrument signed and sealed by one acting as attorney, is wholly inoperative, if he had no authority to affix the seal ; even though he was empowered to affix the signature.

*The default is confirmed.*